UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERSON A. McGEE, | No. 2:21-cv-1654 TLN DB PS |
| Plaintiff, | |
| v. | ORDER |
| AIRPORT LITTLE LEAGUE BASEBALL, INC., et al, | |
| Defendants. | |

Plaintiff Jefferson A. McGee is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned are defendant Howard Chan and defendant City of Sacramento's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, plaintiff's motion for summary judgment, defendant Little League Baseball, Inc.'s motion to set aside entry of default, and plaintiff's motion for a temporary restraining order. (ECF Nos. 15, 17, 31, 37.) For the reasons stated below, defendants' motion to dismiss is granted, plaintiff is granted leave to file a second amended complaint, and plaintiff's motion for summary judgment, plaintiff's motion for a temporary restraining order, and defendant Little League Baseball, Inc.'s motion to set aside entry of default are denied without prejudice to renewal.

////

1

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on September 14, 2021, by filing a complaint and paying the applicable filing fee. (ECF No. 1.) Plaintiff is proceeding on an amended complaint filed on November 22, 2021. (ECF No. 9.) The amended complaint alleges generally that plaintiff is African American and that the defendants discriminated against plaintiff based on plaintiff's race while plaintiff was acting as manager of A's team in the Airport Little League Baseball league.

On January 28, 2022, defendants Howard Chan and the City of Sacramento filed the pending motion to dismiss. (ECF No. 15.) On February 9, 0222, plaintiff filed a purported proof of service of the amended complaint on defendant Little League Baseball, Inc. (ECF No. 16.) That same day plaintiff filed a motion for summary judgment. (ECF No. 17.) On February 14, 2022, plaintiff requested entry of default as to defendant Little League Baseball, Inc. (ECF No. 18.) The Clerk entered defendant's default the following day. (ECF No. 19.)

On February 17, 2022, plaintiff filed an opposition to the motion to dismiss. (ECF No. 21.) Defendants Chan and the City of Sacramento filed a reply on February 22, 2022. (ECF No. 22.) The motion to dismiss was taken under submission on February 28, 2022. (ECF No. 25.)

On March 1, 2022, defendants Chan and the City of Sacramento filed an opposition to plaintiff's motion for summary judgment. (ECF No. 26.) Plaintiff filed a reply on March 11, 2022. (ECF No. 29.) On March 15, 2022, plaintiff's motion for summary judgment was taken under submission. (ECF No. 30.)

On March 16, 2022, defendant Little League Baseball, Inc., filed a motion to set aside entry of default. (ECF No. 31.) Plaintiff filed an opposition to the motion on April 14, 2022. (ECF No. 32.) Defendant filed a reply on April 22, 2022. (ECF No. 33.) On April 26, 2022, defendant's motion to set aside entry of default was taken under submission. (ECF No. 34.) On August 12, 2022, plaintiff filed a motion for a temporary restraining order. (ECF No. 37.)

////

////

////

2

**STANDARDS**

**I.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

////

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

### I. Defendants' Motion to Dismiss

Defendants' motion to dismiss argues that the amended complaint fails to state a claim. Review of the motion and plaintiff's amended complaint finds defendants' argument well taken. In this regard, the amended complaint fails to allege sufficient facts in support of the claims asserted.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Here, the amended complaint repeatedly alleges that the defendants discriminated against plaintiff and "the A's players" due to their "race and color and solely on account that they were African Americans." (Am. Compl. (ECF No. 9) at 11-12.) Such discrimination allegedly included preventing "the A's players from practicing on Kings Field," "working in concert . . . . to prevent Plaintiff . . . from . . . being the all-star manager," and by accusing plaintiff of "cheating[.]" (Id. at 11, 20. 28.) The amended complaint, however, does not allege any facts in support of the assertion that such actions were due to plaintiff's race and/or color.

////

4

1    Moreover, as noted by defendants' motion to dismiss, the amended complaint's claims are
2    also vague and conclusory.  For example, the amended complaint asserts a claim pursuant to 42
3    U.S.C. § 1981.  (Am. Compl. (EcF No. 9) at 44.)  § 1981 provides, in relevant part, that "[a]ll
4    persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white
5    citizens."  Patterson v. McLean Credit Union, 491 U.S. 164, 176 (1989).

6    To state a claim pursuant to § 1981 the complaint must allege: (1) a plaintiff is a member
7    of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3)
8    the discrimination concerned one or more of the activities enumerated in the statute, i.e., the
9    making and enforcing of a contract.  Morris v. Office Max, Inc., 89 F.3d 411, 413 (7th Cir. 1996).
10   The amended complaint does not identify, however, any contract at issue.

11   The amended complaint also asserts a claim pursuant to 42 U.S.C. § 1983 against the City
12   of Sacramento.  (Am. Compl. (ECF No. 9) at 47.)  However, "[i]n Monell v. Department of
13   Social Services, 436 U.S. 658 (1978), the Supreme Court held that a municipality may not be held
14   liable for a § 1983 violation under a theory of respondeat superior for the actions of its
15   subordinates."  Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016).  In this
16   regard, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy,
17   practice, or custom of the entity can be shown to be a moving force behind a violation of
18   constitutional rights."  Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing
19   Monell, 436 U.S. at 694).

20   In order to allege a viable Monell claim a plaintiff "must demonstrate that an 'official
21   policy, custom, or pattern' on the part of [the defendant] was 'the actionable cause of the claimed
22   injury.'"  Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting Harper v. City
23   of Los Angeles, 533 F.3d 1010, 1022 (9th Cir. 2008)).  There are three ways a "policy" can be
24   established.  See Clouthier, 591 F.3d at 1249-50.

25   "First, a local government may be held liable 'when implementation of its official
26   policies or established customs inflicts the constitutional injury.'"  Id. at 1249 (quoting Monell,
27   436 U.S. at 708 (Powell, J. concurring)).  Second, plaintiff may allege that the local government
28   is liable for a policy of inaction or omission, for example when a public entity, "fail[s] to

5

implement procedural safeguards to prevent constitutional violations" or fails to adequately train its employees. Tsao, 698 F.3d at 1143 (citing Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992)); see also Clouthier, 591 F.3d at 1249 (failure to train claim requires plaintiff show that "the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need.") (quoting City of Canton v. Harris, 489 U.S. 378, 390 (1989)); Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006) ("To impose liability against a county for its failure to act, a plaintiff must show: (1) that a county employee violated the plaintiff's constitutional rights; (2) that the county has customs or policies that amount to deliberate indifference; and (3) that these customs or policies were the moving force behind the employee's violation of constitutional rights."). "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" Clouthier, 591 F.3d at 1250 (quoting Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992)).

However, a complaint alleging a Monell violation "'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)). At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[ ] how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm, and reflect[ ] how the policy/custom amounted to deliberate indifference[.]" Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936, 957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom.").

The amended complaint also alleges that the defendants "entered into the Conspiracy" to violate plaintiff's rights in violation of 42 U.S.C. § 1985. (Am. Compl. (ECF No. 9) at 44.) § 1985(3) prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any

1 person or class of persons of the equal protection of the laws, or of equal privileges and
2 immunities under the law[.]"

3 A §1985(3) claim must allege: a conspiracy; (2) for the purpose of depriving a person the
4 equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act
5 in furtherance of this conspiracy; (4) whereby the person is harmed.  See Sever v. Alaska Pulp
6 Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).  "[M]ere allegation of conspiracy is insufficient to
7 state a claim." Steshenko v. Albee, 42 F.Supp.3d 1281, 1294-95 (N.D. Cal. 2014); see also Lacey
8 v. Maricopa, 693 F.3d 896, 937 (9th Cir. 2012) ("The conclusory conspiracy allegations in the
9 original complaint do not define the scope of any conspiracy involving Thomas, what role he had,
10 or when or how the conspiracy operated.").  Moreover, "the absence of a section 1983 deprivation
11 of rights precludes a section 1985 conspiracy claim predicated on the same allegations."
12 Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005) (citation and quotation
13 omitted).

14 Thus, as noted above, the amended complaint fails to allege sufficient factual allegations
15 in support of a claim.  See Palmer v. Lightbourne, No. CV 16-1311 JLS (DFM), 2016 WL
16 6156077, at *3 (C.D. Cal. July 26, 2016) ("This Court has repeatedly told Plaintiff that he must
17 do more than make conclusory allegations of discrimination based on race, color, or national
18 origin.").

19 **II.     Further Leave to Amend**

20 For the reasons stated above, defendants' motion to dismiss will be granted.  The
21 undersigned has carefully considered whether plaintiff could further amend the complaint to state
22 a claim upon which relief could be granted.  Valid reasons for denying leave to amend include
23 undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan
24 Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath
25 Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall
26 be freely given, the court does not have to allow futile amendments).

27 Here, the undersigned cannot yet say that it appears beyond doubt that further leave to
28 amend would be futile.  Plaintiff's amended complaint will, therefore, be dismissed and plaintiff

7

will be granted leave to file a second amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file a second amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678.  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."  Id. at 679.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]"  Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make a second amended complaint complete.  Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings.  The second amended complaint will supersede the amended complaint just as the amended complaint superseded the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in the second amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.  Any second amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

**III.    Plaintiff's Motion For Summary Judgment**

On February 9, 2022, plaintiff filed a motion for summary judgment.  (ECF No. 17.) Summary judgment, however, should be entered after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

Here, plaintiff's amended complaint is being dismissed with leave to amend.  And there has not been adequate time for discovery.  Accordingly, plaintiff's motion for summary judgment will be denied without prejudice to renewal as premature.

////

### IV. Defendant's Motion to Set Aside Default

On March 16, 2022, defendant Little League Baseball, Inc., filed a motion to set aside entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. (ECF No. 31.) Defendant's motion asserts that "[g]ood cause exists to set aside the default[.]" (Id. at 7.) Plaintiff has opposed the motion. (ECF No. 32.) Regardless of the merits of defendant's motion, as noted above, plaintiff has been granted leave to file a second amended complaint. The second amended complaint will supersede the amended complaint "the latter being treated thereafter as non-existent." Lacey, 693 F.3d at 925. Once plaintiff files the second amended complaint, defendant will have an opportunity to file a response to the second amended complaint. Accordingly, defendant's motion to set aside default will be denied without prejudice to renewal as having been rendered moot. See Wahoo Intern., Inc, v. Phix Doctor, Inc., Nos. 09-15703, 09-150806, 2015 WL 410347, at *2 (S.D. Cal. Aug. 29, 2015) ("the amended complaint rendered the default moot").

### V. Plaintiff's Motion for a Temporary Restraining Order

Although styled as a motion for a temporary restraining order plaintiff's motion seeks "a preliminary injunction," to enjoin defendants "from refusing and neglecting to see to it that the laws of the United States and the State of California are faithfully enforced[.]" (ECF No. 37 at 15; ECF No. 37-2 at 1.) Plaintiff's motion, however, was defective as filed for failing to notice the motion for hearing on no less than thirty-five days' notice as required by Local Rule 230(b).

Moreover, "[i]n order to obtain a preliminary injunction, a party must establish (1) 'that [it] is likely to succeed on the merits,' (2) 'that [it] is likely to suffer irreparable harm in the absence of preliminary relief,' (3) 'that the balance of equities tips in [its] favor,' and (4) 'that an injunction is in the public interest.'" Nationwide Biweekly Administration, Inc. v. Owen, 873 F.3d 716, 730 (9th Cir. 2017) (quoting Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008)). "'[A] stronger showing of one element may offset a weaker showing of another,'" however, "[a]ll four elements must be satisfied." hiQ Labs, Inc. v. LinkedIn Corporation, 938 F.3d 985, 992 (9th Cir. 2019) (quoting Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011)).

Moreover, "[a] preliminary injunction is an extraordinary remedy that may be awarded only if the plaintiff clearly shows entitlement to such relief." American Beverage Association v. City and County of San Francisco, 916 F.3d 749, 754 (9th Cir. 2019). And "[t]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015).

Here, because plaintiff's amended complaint will be dismissed with leave to amend due to failure to state a claim, the undersigned could not find that plaintiff has established a likelihood of success on the merits. For these reasons, plaintiff's motion will be denied without prejudice to renewal.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' January 28, 2022 motion to dismiss (ECF No. 15) is granted;

2. The amended complaint filed November 22, 2021 (ECF No. 9) is dismissed with leave to amend;

3. Within twenty-eight days from the date of this order, a second amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[1] The second amended complaint must bear the case number assigned to this action and must be titled "Second Amended Complaint";

4. Plaintiff's February 9, 2022 motion for summary judgment (ECF No. 17) is denied without prejudice to renewal as premature;

5. Defendant's March 16, 2022 motion to set aside default (ECF No. 31) is denied without prejudice to renewal as having been rendered moot; and

////

////

////

---

[1] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

   6. Plaintiff's August 12, 2022 motion for a temporary restraining order (ECF No. 37) is denied without prejudice to renewal.

Dated: August 19, 2022

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/mcgee1654.mtd.ord