1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEFFERSON A. McGEE,                    No.  2:21-cv-1654 DAD DB PS

12                 Plaintiff,

13        v.                                ORDER AND
                                            FINDINGS AND RECOMMENDATIONS
14   AIRPORT LITTLE LEAGUE
     BASEBALL, INC., et al,
15

16                 Defendants.

17

18          Plaintiff Jefferson A. McGee is proceeding in this action pro se.  This matter was referred

19   to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

20   before the undersigned are defendants' motions to dismiss and to strike plaintiff's second

21   amended complaint pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure.[1]

22   (ECF Nos. 45-47, 49-50.)  For the reasons stated below, the undersigned recommends that

23   ////

24   ////

_____

25   [1] On January 20, 2023, Lexington Insurance Company filed motions to intervene, to set aside
26   default, to dismiss, and to strike.  (ECF Nos. 66, 68, 69, 71.)  Those motions have not yet been
     heard.  However, in light of the recommendation that this action be dismissed without further
27   leave to amend, those motions will be denied without prejudice to renewal.  In the event the
     assigned District Judge does not adopt these findings and recommendations, Lexington Insurance
28   Company may re-notice the motions for hearing before the undersigned.

1    defendants' motions to dismiss be granted, the second amended complaint be dismissed without

2    further leave to amend, and this action be closed.[2]

3                                    **BACKGROUND**

4          Plaintiff, proceeding pro se, commenced this action on September 14, 2021, by filing a

5    complaint and paying the applicable filing fee.  (ECF No. 1.)  Plaintiff is proceeding on a second

6    amended complaint filed on September 14, 2022.  (ECF No. 44.)  The second amended complaint

7    alleges generally that plaintiff is African American and that the defendants discriminated against

8    plaintiff based on plaintiff's race while plaintiff was acting as manager of A's team in the Airport

9    Little League Baseball league ("APLL").

10         On September 27, 2022, defendant Little League Baseball, Inc., filed a motion to strike.

11   (ECF No. 46.)  That same day defendants Enrique Hernandez, City of Sacramento, Howard Chan,

12   and Little League Baseball, Inc., filed motions to dismiss.  (ECF Nos. 45-47, 49, 50.)  Plaintiff

13   filed oppositions on October 11, 2022.  (ECF Nos. 52, 53, 55, 56.)  Defendants filed replies on

14   October 21, 2022.  (ECF Nos. 61-64.)  The motions were taken under submission on October 31,

15   2022.  (ECF No. 65.)

16                                    **STANDARDS**

17   **I.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

18         The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

19   sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

20   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

21   sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

22   F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

23   relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A

24   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

25   ////

26

27   _____

     [2] Because the undersigned will recommend that this matter be dismissed without further leave to
28   amend the motions to strike filed by defendants Enrique Hernandez and Airport Little League
     Baseball, Inc., will be denied without prejudice to renewal.

the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## II.     Legal Standards Applicable to Motions to Strike Pursuant to Rule 12(f)

A motion to strike pursuant to Rule 12(f) allows a court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to

1   trial[.]"  Whittlestone, Inc. v. Handi-Craft, Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting

2   Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)), *rev'd on other grounds by* Fogerty

3   v. Fantasy, Inc., 510 U.S. 517, 114 (1994); see also Sidney-Vinstein v. A.H. Robins Co., 697 F.2d

4   880, 885 (9th Cir. 1983).

5          A motion to strike is well-taken when "it is clear that the matter to be stricken could have

6   no possible bearing on the subject matter of litigation."  LeDuc v. Kentucky Central Life Ins. Co.,

7   814 F.Supp. 820, 830 (N.D. Cal. 1992).  Impertinent allegations are those that are not responsive

8   or relevant to issues involved in the action and which could not be admitted as evidence in the

9   litigation.  Fantasy, Inc., 984 F.2d at 1527.  "Scandalous" within the meaning of Rule 12(f)

10  includes allegations that cast a cruelly derogatory light on a party or other person.  Talbot v.

11  Robert Mathews Distributing Co., 961 F.2d 654, 665 (7th Cir. 1992).

12         Ultimately, whether to grant a motion to strike applying these standards lies within the

13  sound discretion of the district court.  Fantasy, Inc., 984 F.2d at 1527; see also California Dept. of

14  Toxic Substances Control v. Alco Pacific, Inc., 217 F.Supp.2d 1028, 1032-33 (C.D. Cal. 2002).[3]

15                                         **ANALYSIS**

16         On August 22, 2022, the undersigned issued an order granting defendants' motions to

17  dismiss plaintiff's 52-page amended complaint and granting plaintiff leave to file a second

18  amended complaint.  (ECF No. 38.)  Therein, the undersigned explained in some detail how the

19  amended complaint failed "to allege sufficient facts in support of the claims asserted."  (Id. at 4.)

20  The 90-page second amended complaint, unfortunately, is simply a longer version of the amended

21  complaint, consisting of vague and conclusory allegations.

22         In this regard, the second amended complaint repeatedly asserts that plaintiff was

23  subjected to various actions because of his race and color.  For example, plaintiff was deprived

24  "of the privilege of being the all-star manager because of Plaintiff's race and color and solely on

25  _____

26  [3] Rule 12(f) motions are generally viewed with disfavor and not ordinarily granted.  Bureerong v.
    Uvawas, 922 F.Supp. 1450, 1478 (C.D. Cal. 1996).  A motion to strike should therefore not be
27  granted unless it is absolutely clear that the matter to be stricken could have no possible bearing
    on the litigation.  Lilley v. Charren, 936 F.Supp. 708, 713 (N.D. Cal. 1996).

28

                                                4

account that Plaintiff is African American." (Sec. Am. Compl. (ECF No. 44) at 13.[4])  That

plaintiff was prevented from using a specific practice field because of plaintiff's "race and

color[.]"  (Id. at 16.)  And that plaintiff "was deprived of his right to contract as the APLL major

division all-star manager . . . because of his race and color[.]"  (Id. at 35.)

The second amended complaint, however, is devoid of any factual allegations that would

support the assertion that any of the events referred to in the second amended complaint occurred

because of plaintiff's race or color.[5]  Instead, the second amended complaint simply repeatedly

asserts that defendants engaged in some conduct because of plaintiff's race and color without any

basis to support that assertion.  The second amended complaint thus fails to allege sufficient

factual allegations in support of a claim.  See Palmer v. Lightbourne, No. CV 16-1311 JLS

(DFM), 2016 WL 6156077, at *3 (C.D. Cal. July 26, 2016) ("This Court has repeatedly told

Plaintiff that he must do more than make conclusory allegations of discrimination based on race,

color, or national origin.").

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

---

[4] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[5] It appears that plaintiff may have filed prior lawsuits related to allegations and defendants similar to those found in this action and was also unable to allege facts in support of a claim.  See generally McGee v. California, No. 2:14-cv-0823 JAM KJN PS, 2014 WL 2002437, at *3 (E.D. Cal. May 15, 2014) ("In light of the conclusory, and at times fanciful and delusional, allegations in plaintiff's complaint and in the motion for a TRO, the court finds that plaintiff has not demonstrated a likelihood of success on the merits, or even the existence of serious questions going to the merits."); McGee v. California, No. CIV S-09-0740 GEB EFB PS, 2010 WL 5088240, at *4 (E.D. Cal. Dec. 7, 2010) ("Additionally, although almost all of plaintiff's claims allege racial discrimination . . . at no point does plaintiff sufficiently demonstrate that any of the named defendants acted with specific racial animus or discriminatory intent.  Plaintiff merely concludes that each of the actions taken by defendants were fueled by racial animus.").

enhancements.'" <u>Ashcroft v. Iqbal</u>, 556 U.S.662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  <u>Jones</u>, 733 F.2d at 649.

Moreover, the second amended complaint's claims are also vague and conclusory.  For example, the second amended complaint asserts a cause of action for violation of plaintiff's "rights secured by the Due Process Clause of the Fourteenth Amendment." (Sec. Am. Compl. (ECF No. 44) at 61.)  "The Fourteenth Amendment protects individuals against the deprivation of liberty or property by the government without due process.  A section 1983 claim based upon procedural due process thus has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." <u>Portman v. County of Santa Clara</u>, 995 F.2d 898, 904 (9th Cir. 1993).  A plaintiff may state a substance due process claim where they show "they are unable to pursue an occupation . . . and, second, that this inability is due to actions that substantively were 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.'" <u>Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz.</u>, 24 F.3d 56, 65 (9th Cir. 1994) (quoting <u>FDIC v. Henderson</u>, 940 F.2d 465, 474 (9th Cir. 1991)).

The second amended complaint fails to contain any allegations stating the elements of a due process claim.  Instead, the second amended complaint simply alleges in a vague and conclusory manner that the defendants "made an intentional decision with respect of conditions under which [defendants] were conspiring to deprive Plaintiff of his civil rights." (Sec. Am. Compl. (ECF No. 44) at 62.)

The second and third causes of action asserted in the second amended complaint are for violation on 42 U.S.C. § 1981.  (<u>Id.</u> at 64, 67.)  § 1981 provides, in relevant part, that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." <u>Patterson v. McLean Credit Union</u>, 491 U.S. 164, 176 (1989).  To state a claim pursuant to § 1981 the complaint must allege: (1) a plaintiff is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute, i.e., the making and enforcing

of a contract.  Morris v. Office Max, Inc., 89 F.3d 411, 413 (7th Cir. 1996).  The second amended complaint asserts that plaintiff "contracted" for such activities as "to manage APLL major division all-star team," without any facts establishing the parties ever entered into any contract. (Sec. Am. Compl. (ECF No. 44) at 65.)

The second amended complaint's fourth cause of action purports to be pursuant to 42 U.S.C. § 1982.  (Sec. Am. Compl. (ECF No. 44) at 70.)  § 1982, however, concerns the right "to inherit, purchase, lease, sell, hold, and convey real and personal property."  "To state a claim under section 1982, a plaintiff must allege that (1) he is a member of a racial minority; (2) he applied for and was qualified to rent or purchase certain property or housing; (3) he was rejected; and (4) the housing or rental opportunity remained available thereafter."  McGee v. California, No. 2:16-cv-1796 JAM EFB PS, 2017 WL 902944, at *4 (E.D. Cal. Mar. 3, 2017).  The second amended complaint's allegations do not in any way concern such property rights.

The second amended complaint's fifth cause of action asserts that the defendants "deprived Plaintiff of his civil rights; under the color of state law in violation of Title 42 U.S.C. § 1983."  (Sec. Am. Compl. (ECF No. 44) at 72.)  A litigant who complains of a violation of a constitutional right does not have a cause of action directly under the United States Constitution. Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States Constitution); Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"Where multiple defendants are involved, the pleadings must establish a nexus between each defendant's actions and the alleged deprivation of plaintiff's constitutional rights."

1   Drawsand v. F.F. Properties, L.L.P., 866 F.Supp.2d 1110, 1120 (N.D. Cal. 2011).  Moreover, "'§

2   1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.'"

3   Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999) (quoting

4   American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, (1999)).  Here, the second amended

5   complaint fails to provide any facts alleging how any defendant violated any right of plaintiff

6   while also acting under color of state law.

7       Moreover, as to defendant City of Sacramento, "[i]n Monell v. Department of Social

8   Services, 436 U.S. 658 (1978), the Supreme Court held that a municipality may not be held liable

9   for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates."

10   Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016).  In this regard, "[a]

11   government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or

12   custom of the entity can be shown to be a moving force behind a violation of constitutional

13   rights."  Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S.

14   at 694).

15       In order to allege a viable Monell claim a plaintiff "must demonstrate that an 'official

16   policy, custom, or pattern' on the part of [the defendant] was 'the actionable cause of the claimed

17   injury.'"  Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting Harper v. City

18   of Los Angeles, 533 F.3d 1010, 1022 (9th Cir. 2008)).  There are three ways a "policy" can be

19   established.  See Clouthier, 591 F.3d at 1249-50.

20       "First, a local government may be held liable 'when implementation of its official

21   policies or established customs inflicts the constitutional injury.'"  Id. at 1249 (quoting Monell,

22   436 U.S. at 708 (Powell, J. concurring)).  Second, plaintiff may allege that the local government

23   is liable for a policy of inaction or omission, for example when a public entity, "fail[s] to

24   implement procedural safeguards to prevent constitutional violations" or fails to adequately train

25   its employees.  Tsao, 698 F.3d at 1143 (citing Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir.

26   1992)); see also Clouthier, 591 F.3d at 1249 (failure to train claim requires plaintiff show that

27   "the need for more or different training [was] so obvious, and the inadequacy so likely to result in

28   the violation of constitutional rights, that the policymakers . . . can reasonably be said to have

1   been deliberately indifferent to the need.") (quoting City of Canton v. Harris, 489 U.S. 378, 390

2   (1989)); Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006) ("To impose

3   liability against a county for its failure to act, a plaintiff must show: (1) that a county employee

4   violated the plaintiff's constitutional rights; (2) that the county has customs or policies that

5   amount to deliberate indifference; and (3) that these customs or policies were the moving force

6   behind the employee's violation of constitutional rights.").  "Third, a local government may be

7   held liable under § 1983 when 'the individual who committed the constitutional tort was an

8   official with final policy-making authority' or such an official 'ratified a subordinate's

9   unconstitutional decision or action and the basis for it.'"  Clouthier, 591 F.3d at 1250 (quoting

10  Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992)).

11       However, a complaint alleging a Monell violation "'may not simply recite the elements of

12  a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and

13  to enable the opposing party to defend itself effectively.'"  AE ex rel. Hernandez v. Cty. of

14  Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir.

15  2011)).  At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[ ]

16  how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm,

17  and reflect[ ] how the policy/custom amounted to deliberate indifference[.]"  Young v. City of

18  Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936,

19  957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the

20  specific content of the municipal entity's alleged policy or custom.").

21       Here, the second amended complaint contains no allegations that would support a Monell

22  claim.  Finally, the second amended complaint attempts to asserts a claim that the defendants

23  "conspired to violate Title 42 U.S.C. § 1985."  (Sec. Am. Compl. (ECF No. 44) at 77.)  § 1985(3)

24  prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or

25  class of persons of the equal protection of the laws, or of equal privileges and immunities under

26  the law[.]"

27       A §1985(3) claim must allege: (1) a conspiracy; (2) for the purpose of depriving a person

28  the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an

act in furtherance of this conspiracy; (4) whereby the person is harmed.  See Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).  "[M]ere allegation of conspiracy is insufficient to state a claim."  Steshenko v. Albee, 42 F.Supp.3d 1281, 1294-95 (N.D. Cal. 2014); see also Lacey v. Maricopa, 693 F.3d 896, 937 (9th Cir. 2012) ("The conclusory conspiracy allegations in the original complaint do not define the scope of any conspiracy involving Thomas, what role he had, or when or how the conspiracy operated.").  Moreover, "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005) (citation and quotation omitted).  Here, the second amended complaint consists of nothing more than mere allegations of a conspiracy.  The second amended complaint also fails to state a § 1983 claim that would support a claim for violation of § 1985.

For the reasons stated above, the undersigned finds that defendants' motions to dismiss should be granted.[6]

**II.     Further Leave to Amend**

The undersigned has carefully considered whether plaintiff may further amend the complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, in light of the defects noted above, the undersigned finds that granting plaintiff further leave to amend would be futile.

////

////

////

////

---

[6] Although the second amended complaint asserts additional claims, those claims are also vague and conclusory in the same manner as the claims addressed above.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Enrique Hernandez September 27, 2022 motion to strike (ECF No. 45) is denied without prejudice to renewal;

2. Defendant Little League Baseball, Inc.'s September 27, 2022 motion to strike (ECF No. 46) is denied without prejudice to renewal;

3. Lexington Insurance Company's January 20, 2022 motions to intervene (ECF No. 66), to set aside default (ECF No. 68), to dismiss (ECF No. 69), and to strike (ECF No. 71) are denied without prejudice to renewal; and

4. The March 3, 2023 hearing of those motions is vacated.

Also, IT IS HEREBY RECOMMENDED that:

1. Defendant Enrique Hernandez's September 27, 2022 motion to dismiss (ECF No. 47) be granted;

2. Defendants City of Sacramento and Howard Chan's September 27, 2022 motion to dismiss (ECF No. 49) be granted;

3. Defendant Little League Baseball, Inc.'s September 27, 2022 motion to dismiss (ECF No. 50) be granted;

4. The second amended complaint filed September 14, 2022 (ECF No. 44) be dismissed without further leave to amend; and

5. This case be closed.[7]

////

---

[7] Although Lexington Insurance Company seeks to intervene on behalf of defendant Airport Little League, which has not appeared in this action, the court may sua sponte dismiss an action with prejudice in favor of a party that has not appeared where that party is in a similar position to the moving defendant. See Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742-43 (9th Cir. 2008) (upholding dismissal in favor of a party which had not appeared, on the basis of facts presented by other defendants which had moved to dismiss) (citations omitted); Omar v. Sea-Land Serv., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). Here, second amended complaint's defects noted above are applicable to all named defendants.

1    Within fourteen days after being served with these findings and recommendations, any

2 party may file written objections with the court and serve a copy on all parties.  Such a document

3 should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any

4 reply to the objections shall be served and filed within fourteen days after service of the

5 objections.  The parties are advised that failure to file objections within the specified time may

6 waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

7 1991).

8 Dated:  February 6, 2023

9

10

11                                    DEBORAH BARNES
                                 UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 DLB:6
   DB/orders/orders.pro se/mcgee1654.mtd.f&rs
27

28